1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON (SEATTLE)

| | |
|---|---|
| JERRI & LEE RICHARDSON, | Case No. 2:21-cv-01428-JLR |
| Plaintiffs, | STIPULATED PROTECTIVE ORDER |
| v. | |
| PLANET HOME LENDING, LLC, a Delaware Corporation, and TRANS UNION LLC, a Delaware Limited Liability Company, | |
| Defendants. | |

IT IS HEREBY STIPULATED by and between Plaintiffs JERRI & LEE RICHARDSON ("Plaintiffs") and Defendants PLANET HOME LENDING, LLC ("PHL") and TRANS UNION LLC ("TRANS UNION"), through their respective attorneys of record, as follows:

1.      PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential

Law Office of SaraEllen Hutchison, PLLC
705 S. 9th, Suite 104 | Tacoma, WA 98405
Ph. (206) 529-5195 | F. (253) 302-8486
saraellen@saraellenhutchison.com

1   treatment under the applicable legal principles, and it does not presumptively entitle parties to file

2   confidential information under seal.

3   2.      "CONFIDENTIAL" MATERIAL

4       "Confidential" material shall include the following documents and tangible things

5   produced or otherwise exchanged:

6               a.      information prohibited from disclosure by statute;

7               b.      information that the party has a reasonable and good faith belief contains a

8                       trade secret, including, but not limited to Defendants' confidential policies

9                       and procedures;

10              c.      research, technical, commercial or financial information that the party has

11                      maintained as confidential, and that, if disclosed to customers or

12                      competitors, would tend to damage the party's competitive position or

13                      expose an individual to identity theft;

14              d.      information and documents that a party has a reasonable and good faith

15                      belief constitutes, contains, or refers to proprietary technology or

16                      information owned or developed by the producing party, and that, if

17                      disclosed to customers or competitors, would tend to damage the party's

18                      competitive position, including, but not limited to, Defendants' confidential

19                      policies and procedures;

20              e.      Medical records.

21  3.      SCOPE

22      The protections conferred by this agreement cover not only confidential material (as

23  defined above), but also (1) any information copied or extracted from confidential material; (2) all

24  copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony or

25  presentations by parties or their counsel that might reveal confidential material.

26      However, the protections conferred by this agreement do not cover information that is in

27  the public domain or becomes part of the public domain through trial or otherwise.

28  4.      ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

Law Office of SaraEllen Hutchison, PLLC
705 S. 9th, Suite 104 | Tacoma, WA 98405
Ph. (206) 529-5195 | F. (253) 302-8486
saraellen@saraellenhutchison.com

4.1   <u>Basic Principles</u>. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential."

4.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

(c) experts and consultants specifically retained in connection with this litigation to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court, court personnel, and court reporters and their staff;

(e) copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of

STIPULATED PROTECTIVE ORDER
Case No: 2:21-cv-01428-JLR
- 3 -
Law Office of SaraEllen Hutchison, PLLC
705 S. 9th, Suite 104 | Tacoma, WA 98405
Ph. (206) 529-5195 | F. (253) 302-8486
saraellen@saraellenhutchison.com

transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

All persons receiving documents produced pursuant to this Order shall be advised of their confidential nature.  All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto.  No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Section 4.2 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

4.3     <u>Filing Confidential Material</u>. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A) to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue.  Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.  A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

5.     <u>DESIGNATING PROTECTED MATERIAL</u>

5.1     <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party

STIPULATED PROTECTIVE ORDER
Case No: 2:21-cv-01428-JLR

- 4 -

Law Office of SaraEllen Hutchison, PLLC
705 S. 9th, Suite 104 | Tacoma, WA 98405
Ph. (206) 529-5195 | F. (253) 302-8486
saraellen@saraellenhutchison.com

or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a) Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) Testimony given in deposition or in other pretrial proceedings: the parties and any participating non-parties must identify on the record, during the deposition or other <u>pretrial</u> proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within twenty-one days after availability of the transcript of the deposition or other pretrial proceeding, designate portions

STIPULATED PROTECTIVE ORDER
Case No: 2:21-cv-01428-JLR                     - 5 -

Law Office of SaraEllen Hutchison, PLLC
705 S. 9th, Suite 104 | Tacoma, WA 98405
Ph. (206) 529-5195 | F. (253) 302-8486
saraellen@saraellenhutchison.com

of the transcript, or exhibits thereto, as confidential. If a party or non-party desires to protect

confidential information at trial, the issue should be addressed during the pre-trial conference.

(c) Other tangible items: the producing party must affix in a prominent place on

the exterior of the container or containers in which the information or item is stored the word

"CONFIDENTIAL." If only a portion or portions of the information or item warrant protection,

the producing party, to the extent practicable, shall identify the protected portion(s).

5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

designate qualified information or items does not, standing alone, waive the designating party's

right to secure protection under this agreement for such material. Upon timely correction of a

designation, the receiving party must make reasonable efforts to ensure that the material is treated

in accordance with the provisions of this agreement.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any party or non-party may challenge a designation of

confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality

designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

burdens, or a significant disruption or delay of the litigation, a party does not waive its right to

challenge a confidentiality designation by electing not to mount a challenge promptly after the

original designation is disclosed.

6.2    Meet and Confer. The parties must make every attempt to resolve any dispute

regarding confidential designations without court involvement. Any motion regarding

confidential designations or for a protective order must include a certification, in the motion or in

a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference

with other affected parties in an effort to resolve the dispute without court action. The

certification must list the date, manner, and participants to the conference. A good faith effort to

confer requires a face-to-face meeting or a telephone conference.

6.3    Judicial Intervention. If the parties cannot resolve a challenge without court

intervention, the designating party may file and serve a motion to retain confidentiality under

Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of

STIPULATED PROTECTIVE ORDER
Case No: 2:21-cv-01428-JLR                                 - 6 -

Law Office of SaraEllen Hutchison, PLLC
705 S. 9th, Suite 104 | Tacoma, WA 98405
Ph. (206) 529-5195 | F. (253) 302-8486
saraellen@saraellenhutchison.com

persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9.      INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the

STIPULATED PROTECTIVE ORDER
Case No: 2:21-cv-01428-JLR                                  - 7 -

Law Office of SaraEllen Hutchison, PLLC
705 S. 9th, Suite 104 | Tacoma, WA 98405
Ph. (206) 529-5195 | F. (253) 302-8486
saraellen@saraellenhutchison.com

1   receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision

2   is not intended to modify whatever procedure may be established in an e-discovery order or

3   agreement that provides for production without prior privilege review. The parties agree to the

4   entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

5   10.    <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

6          Within 60 days after the termination of this action, including all appeals, each receiving

7   party must return or destroy all confidential material to the producing party, including all copies,

8   extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of

9   destruction.

10         Notwithstanding this provision, counsel are entitled to one archival copy of all documents

11  filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial

12  exhibits, expert reports, attorney work product, and consultant and expert work product, even if

13  such materials contain confidential material.

14         The confidentiality obligations imposed by this agreement shall remain in effect until a

15  designating party agrees otherwise in writing or a court orders otherwise.

16         IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

17  Dated this 11th day of May, 2022, at Tacoma, Washington.

| | |
|---|---|
| Dated: May <u>11th</u>, 2022 | S//SaraEllen Hutchison<br>SaraEllen Hutchison (WSBA No. 36137)<br>LAW OFFICE OF SARAELLEN<br>HUTCHISON, PLLC<br>539 Broadway<br>Tacoma, WA 98402<br>Telephone: (206) 529-5195<br>Email: saraellen@saraellenhutchison.com<br><br>*Attorney for Plaintiff* |
| Dated: May <u>11th</u>, 2022 | S//Kari Morrigan<br>Kari Morrigan (Admitted *Pro Hac Vice*)<br>SCHUCKIT & ASSOCIATES PC<br>4545 NORTHWESTERN DRIVE<br>ZIONSVILLE, IN 46077<br>317-363-2400 |

STIPULATED PROTECTIVE ORDER<br>Case No: 2:21-cv-01428-JLR

- 8 -

Law Office of SaraEllen Hutchison, PLLC<br>705 S. 9th, Suite 104 | Tacoma, WA 98405<br>Ph. (206) 529-5195 | F. (253) 302-8486<br>saraellen@saraellenhutchison.com

| | |
|---|---|
| | Email: kmorrigan@schuckitlaw.com<br><br>S//Benjamin VandenBerghe<br>Benjamin VandenBerghe (WSBA No. 35477)<br>Montgomery Purdue Blankinship & Austin PLLC<br>701 Fifth Ave, Ste 5500<br>Seattle, WA 98104-7096<br>Phone: 206-682-7090<br>Fax: 206-625-9534<br>Email: biv@mpba.com<br><br>*Attorneys for Defendant*<br>*Trans Union LLC* |
| Dated: May 11th, 2022 | S//Joseph T. McCormick III<br>Joseph T. McCormick III, WSBA #48883<br>Wright Finlay & Zak, LLP<br>612 S. Lucile Street, Suite 300<br>Seattle, WA 98108<br>Phone: (206) 946-8109<br>Facsimile: (949) 608-9142<br>Email: jmccormick@wrightlegal.net<br><br>*Attorney for Defendant Planet Home*<br>*Lending, LLC* |

PURSUANT TO STIPULATION, IT IS SO ORDERED.

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED this 13th day of May, 2022.



James L. Robart
United States District Judge

Law Office of SaraEllen Hutchison, PLLC
705 S. 9th, Suite 104 | Tacoma, WA 98405
Ph. (206) 529-5195 | F. (253) 302-8486
saraellen@saraellenhutchison.com

1
2

<u>EXHIBIT A</u>
<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

3   I, _____ [print or type full name], of

4   _____ [print or type full address], declare under penalty of

5   perjury that I have read in its entirety and understand the Stipulated Protective Order that was

6   issued by the United States District Court for the Western District of Washington on

7   _____[date] in the case of *JERRI & LEE RICHARDSON, v. PLANET HOME*

8
9   *LENDING ET AL, Western District of Washington (Seattle) Case No.* 2:21-cv-01428-JLR I agree

10   to comply with and to be bound by all the terms of this Stipulated Protective Order and I

11   understand and acknowledge that failure to so comply could expose me to sanctions and

12   punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner

13   any information or item that is subject to this Stipulated Protective Order to any person or entity

14   except in strict compliance with the provisions of this Order.

15
16        I further agree to submit to the jurisdiction of the United States District Court for the

17   Western District of Washington for the purpose of enforcing the terms of this Stipulated

18   Protective Order, even if such enforcement proceedings occur after termination of this action.

19
20
21   Date: _____

22   City and State where sworn and signed: _____

23   Printed name: _____

24   Signature: _____

25
26
27
28

Law Office of SaraEllen Hutchison, PLLC
705 S. 9th, Suite 104 | Tacoma, WA 98405
Ph. (206) 529-5195 | F. (253) 302-8486
saraellen@saraellenhutchison.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury under the laws of the State of Washington that on the 12<u>th</u> day of May, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all registered ECF participants in this case.

Dated this 12<u>th</u> day of May, 2022, at Tacoma, Washington.

<u>S//SaraEllen Hutchison</u>
SaraEllen Hutchison (WSBA No. 36137)

STIPULATED PROTECTIVE ORDER
Case No: 2:21-cv-01428-JLR

- 11 -

Law Office of SaraEllen Hutchison, PLLC
705 S. 9th, Suite 104 | Tacoma, WA 98405
Ph. (206) 529-5195 | F. (253) 302-8486
saraellen@saraellenhutchison.com